BOB BROWN V. THE STATE.

*No. 658.    Decided February 27.*

**1.  Cattle Theft—Evidence.**—On a trial for theft of one head of cattle, where it was proved that defendant was seen one evening driving the animal in the direction of his house, *Held*, that it was admissible for the State to prove the fact that on the next morning the son of the defendant was seen dragging the fresh hide of the animal in the yard at defendant's house.

**2.  Same—Charge of the Court.**—Where, on the trial for theft of one head of cattle, the State had been permitted to prove that defendant's son was seen dragging the hide of said animal in the yard of his father's house, and the court instructed the jury, in effect, that the possession by defendant's son of the hide would be no evidence against defendant, unless they believed that he received said hide from defendant or got it by his authority, and that then it would only be a circumstance to be considered by them in connection with all the evidence in the case, *Held*, that the charge was warranted by the circumstances proved, was not objectionable as being upon the weight of evidence, and properly eliminated the effect of the testimony, except in the contingency indicated by the court.

**3.  Same—Recent Possession and Reasonable Explanation—Charge of Court.**—On a trial for theft of one head of cattle, where it was proved, that on the evening of the day the animal was last seen defendant was found driving her with a bunch of cattle towards his house, and upon being asked what he was doing with the cattle, said that he was driving them up to neck a steer which was in the bunch, *Held*, it was the duty of the court, as was done, to give the defendant the benefit of such explanation, and instruct the jury, that if they found the defendant's explanation was reasonable and probably true, and the State had not shown the falsity thereof, to acquit the defendant.

APPEAL from the District Court of Burleson.    Tried below before Hon. ED. R. SINKS.

This appeal is from a conviction for theft of one head of cattle, the punishment being assessed at two years' imprisonment in the penitentiary.

The salient features of the case are fully shown in the opinion.

*S. G. Ragsdale* and *Kirby & Muse*, for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant in this case was convicted in the court below of theft of one head of cattle, and his punishment assessed at two years in the penitentiary.    It is shown by the evidence, that on the evening of the 22nd of September, 1893, the defendant was seen driving a number of cattle towards his home, and in the bunch was the head of cattle in question.    On being asked what he was doing with them, he stated that he was driving them in order to pen a steer or steers, for the purpose of necking to keep them out of the field.    The next morning a witness, in passing the house of defendant, saw some entrails of a freshly killed beef in the field of defendant near his lot, and also saw the son of defendant dragging a

hide of a freshly slaughtered beef in the yard at defendant's house, which was the hide of the heifer in question. On the same morning defendant is shown by the evidence to have been seen two or three miles from his home, in the Brazos bottom, peddling fresh beef. The heifer in question ran with its mother in the range, close by defendant's house. The mother was seen frequently afterwards, but the heifer has never been seen with her since the evening of September 22nd. The evidence discloses, that in the bunch of cattle defendant was driving on the evening in question was a steer of defendant. The only substantive defense offered by defendant, who was a witness in his own behalf, was that he bought an animal of a similar description to that he is charged to have stolen from one Tom Butler, who also stated he had sold defendant such an animal, and the bill of sale was offered in evidence. This bore no date, nor is it shown that this particular animal was slaughtered at or about the time that defendant is charged to have stolen the Mays yearling. Defendant says he bought it on Friday and·butchered it on Saturday, but what Friday and Saturday we are not informed.

With this statement of the facts, we will consider the errors urged by appellant.

1. He complains that the testimony of the witness Ryan, "that in passing the house of defendant, early on the morning of the 23rd of September, he saw defendant's son, a boy 18 years old, dragging the hide of the Mays yearling in the yard of defendant." It will be observed, that this was on the 23rd of September, after defendant was seen driving the same yearling in a herd toward his home on the evening before. We presume, in view of the fact that defendant was seen the evening before driving the animal in question towards his home, and that it was subsequently missed from its mother and from the range, and that defendant himself was seen about 9 or 10 o'clock on that day peddling fresh beef, in a wagon, two or three miles from his home, that it would not be contended, in connection with the foregoing facts, that it was not competent to prove, that on that same morning the hide of that same heifer was seen at defendant's home, stretched in the yard or hanging on the fence; and we fail to see how the fact that the son of defendant happened to be dragging the hide could make any difference as to the admissibility of the evidence. No word or declaration of the son was offered in evidence, but merely the fact that the hide was seen there; and we entertain no doubt as to its being competent and relevant testimony.

2. In connection with this evidence, the charge of the court is also assigned as error. The charge is as follows: "The jury are instructed, that no act of Henry Brown can be considered in evidence against the defendant. If you believe from the evidence that Henry Brown, a son of defendant, had possession of a hide, and that it was taken from one cattle described in the indictment, such possession would be no evidence against the defendant, unless you should believe from the

evidence that he received the same from the defendant or got possession of it by his direction, or authority; and if you so believe, it would only be a circumstance to be considered by you in connection with all the evidence in the case."

The contention of defendant is: (1) There is no evidence to support such a charge, there being no evidence in the case to show that defendant delivered the hide to his son Henry. It is true there is no positive evidence to that effect in the record, but we consider the circumstantial evidence quite ample in that regard to sustain the charge, and we merely refer to the statement previously given in this opinion. (2) It is also urged, that this is a charge upon the weight of testimony, in that it directs attention to possession of the hide by defendant's son, and served to emphasize that fact before the jury. That Henry had possession of the hide of Mays' heifer, and that this hide was identified as such is not gainsaid or disputed; and the purpose of the charge was merely to eliminate any effect of such possession, unless they should believe from the evidence in the case that said Henry received same from his father; and if they should so find, that then they might consider same as a fact or circumstance along with all the facts and circumstances in evidence. It was proper to eliminate the effect of that testimony, except in the contingency pointed out by the court, and we do not believe the charge subject to the criticism of counsel.

3. With reference to the court's charge on explanation of recently stolen property, which the defendant alleges as error, we believe the same was called for by the evidence in the case. The witness Browning testifies, that when he saw defendant driving the bunch of cattle the heifer of Mays was in the herd. That he asked defendant what he was doing with them, and he replied, that he was driving them up to neck a steer. The defendant, it appears, had a steer in the bunch of cattle, and his answer was, in effect, to state, "the reason I have Mays' heifer in the bunch, driving her along with the others, is, because I wish to pen my ox, and she is with the herd; and it is easier to drive my ox with the herd than to cut him out and drive him alone." And if it was true that such was the purpose of defendant, he was not then going to steal the heifer in question, and it was the duty of the court to give defendant the benefit of such explanation made at the time.

Nor is said charge subject to the criticism of appellant, that it made his conviction hinge upon the falsity of the explanation made by him. The court charged the jury, if they found that defendant's explanation was reasonable and probably true, and the State had not shown the falsity thereof, they would acquit the defendant, which is in accordance with approved charges on the subject.

If the case was stripped of the fact that defendant was seen in possession of the animal the last time it was seen alive, driving it towards his home, and the case stood alone on the evidence as to the hide, and the defendant being seen on the same day peddling fresh beef, the

insistence of defendant would be apparent, and no doubt the conviction would not be permitted to stand; but this fact, as a background for all of the subsequent facts presented in the record, makes them all admissible and relevant, and fully establishes the guilt of defendant. And especially is this so where the explanatory facts, if any existed, were within the control of defendant. His son Henry was not placed on the stand, and no reason is shown why this was not done. And moreover, the defendant himself was on the stand, and he does not attempt to explain where he got the fresh beef from which he was peddling on the 23rd of September, 1893. And while he claims to have got an animal from Tom Butler similar in description to the Mays heifer, yet he does not claim by his evidence that that was the beef butchered at his house on the 22nd or 23rd of September; nor is there any explanation whatsoever afforded as to the hide of the Mays heifer found on defendant's premises, at his house, on the morning of the 23rd of September. McFadden v. The State, 28 Texas Crim. App., 241.

There being no error in the record requiring a reversal of the case, the judgment must be affirmed.

*Affirmed.*

Judges all present and concurring.